MqEarland, J.,
delivered tbe opinion of t-he count.
This is am indictment for illegal voting. The defendant voted out of the ward in Memphis -in which he resided, hut the place where he voted was within the civil district *457 j-ii which he resided. The question depends upon a construction of the Act of 1870 [Ch. 10, sec. 4], Thompson & Steger's Statutes, 833 d [see Shannon’s Code, secs. 1168, 1169], as follows: “All voters in this state shall be required to vote in tbe civil district or ward in which they may reside, provided, that sheriffs or other officers holding elections shall be permitted to vote in any ward or district in which they may hold -an election. Judges, jurors, litigants and witnesses attending court may vote in any ward or district in which the court is held.” There is also a proviso malting an exception when there is a failure to hold an election in any district or ward.
A violation of the act is made a misdemeanor.
This act might he construed to mean that if the place where the vote is east is either within the civil district or ward within which the person resides, the law is not violated, but looking to the entire act and keeping in view the mischief intended to he remedied, we think the intention was that each voter should east his vote within 'his own civil district, where a voting place is provided for the district, and in cities or towns where the civil district may he divided into wards, that he shall vote in his own ward, except in cases specially provided for.
In this view the judgment is correct and will be affirmed.